

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 22 2021

CLERK, U.S. DISTRICT COURT
By_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES BLACKWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-CV-180-Z |
| | § | |
| C. R. BARD, INC., and BARD | § | |
| PERIPHERAL VASCULAR, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Unopposed Motion for Leave to File under Seal Confidential Information (ECF No. 44). Plaintiff seeks to file under seal Exhibits 1, 2, 3, 4, 5, 7, 8, 11, 20 listed in the Appendix to Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 42). The Motion is unopposed. For the following reasons, the Court DENIES the motion without prejudice to refiling.

Motions to file under seal are decided on a case-by-case basis following the appropriate factors delineated by the Fifth Circuit. *See S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure."); *see also United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) ("In the Fifth Circuit, the common law right of access to judicial records has consistently been addressed on a case-by-case basis").

The Fifth Circuit recently has admonished district courts to remember "[j]udicial records are public records. And public records, by definition, presume public access." *Binh Hoa Le v. Exeter Fin. Corp.*, No. 20-10377, --- F.3d ---, 2021 WL 838266, *4 (5th Cir. March 5, 2021). In

*Binh Hoa Le*, the Fifth Circuit expounded upon the history and importance of public access to judicial records that traces a noble lineage "back to Roman law." *Id.* at *6.

The Fifth Circuit further explained that there are two distinct standards. "The first standard, requiring only "good cause," applies to protective orders sealing documents produced in discovery." *Id.* "The second standard, a stricter balancing test, applies once a document is filed on the public record — when a document becomes a judicial record. Under both standards, the working presumption is that judicial records should not be sealed. *Id.* (internal marks omitted).

Here, Plaintiff cited Fed. R. Civ. Pro. 26(c) which prescribes a "good cause" standard for issuing protective orders and noted that a previous stipulated protective order had been entered in the MDL court. ECF No. 44 at 2–3. But this is the wrong standard to apply at this stage:

> At the *discovery* stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper. Party-agreed secrecy has its place—for example, honoring legitimate privacy interests and facilitating the efficient exchange of information. But at the adjudicative stage, when materials enter the court record, the standard for shielding records from public view is far more arduous. This conflation error—equating the standard for keeping unfiled discovery confidential with the standard for placing filed materials under seal—is a common one and one that over-privileges secrecy and devalues transparency.

*Binh Hoa Le*, 2021 WL 838266 at *8.

At the *filing* stage, "judges, not litigants must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at *7 (internal marks omitted). Indeed, "a court abuses its discretion if it 'ma[kes] no mention of the presumption in favor of the public's access to judicial records" and fails to "articulate any reasons that would support sealing.'" *Id.* (quoting *Van Waeyenberghe*, 990 F.2d at 849).

Plaintiffs, however, did aver that these exhibits contain "trade secrets, propriety, business information, and information regarding confidential technical information and policies." ECF No.

44 at 3. "Protecting trade secrets" can constitute "good reason[] to file documents (or portions of them) under seal." *Binh Hoa Le*, 2021 WL 838266 at *7. But Plaintiffs did not expound upon that assertion. Accordingly, the Court DENIES the motion to file under seal, but will allow Plaintiffs (or Defendants) to file a motion to seal that meets the standards described in *Binh Hoa Le*. Any such motion must be filed by **April 12, 2021**.

**SO ORDERED.**

March 22, 2021

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE